IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-03-369 (4) |
| | § | C.A. No. C-06-31 |
| HENRY MONTILLA-PENA, | § | |
|     Defendant-Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Henry Montilla-Pena's ("Montilla") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which the Clerk received on January 23, 2006.[1] (D.E. 59).[2] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the movant is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. For the reasons set forth below, the Court DENIES Montilla's

---

[1] Montilla initially signed his motion on January 3, 2006, but apparently mailed it to the Court's prior address. After receiving it back, Montilla mailed the motion a second time – this time to the correct address – along with a letter dated January 19, 2006. In the letter, he requests that the Court deem the motion filed as of his first mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (a motion from a *pro se* prisoner is deemed filed as of the date it is delivered to prison authorities for mailing); see also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). He explains that his prison did not have the correct address on file, and that the address the prison had matched the address on his PSR, which was the incorrect address.

    The Court need not decide whether the motion should be deemed filed as of the first mailing (to the incorrect address) or the second. Even if, as Montilla requests, the Court deemed the motion filed as of December 31, 2005 (the date of his first enclosure letter), it would still be untimely.

[2] Dockets entries refer to the criminal case, C-03-cr-369.

motion because it is time-barred. Additionally, the Court DENIES Montilla a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTS AND PROCEEDINGS

On December 10, 2003, Montilla was charged, along with several co-defendants, in a two-count indictment. Specifically, Montilla was charged with: (1) knowingly and intentionally conspiring to possess with intent to distribute approximately 5.026 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) ("Count One"); and (2) knowingly and intentionally possessing with intent to distribute approximately 5.026 kilograms of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) ("Count Two"). (D.E. 1).

Pursuant to a written plea agreement, Montilla pleaded guilty to Count One. In exchange for his guilty plea to Count One and his waiver of appellate and § 2255 rights, the government agreed to move for the dismissal of Count Two, to recommend that he receive a three-level credit for acceptance of responsibility and to recommend a sentence at the low end of the guideline range. (D.E. 33, 34). The plea agreement also contained a voluntary waiver of Montilla's right to appeal and to file a § 2255 motion. (D.E. 34 at ¶ 8).[3] He was sentenced in this Court and judgment in his criminal case

---

[3] In addition to being untimely, Montilla's motion is also precluded from the Court's consideration because of his knowing and voluntary waiver of his right to file a § 2255 motion. See United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights). One of his claims, however, arguably falls outside the waiver under Fifth Circuit jurisprudence. That is, construing his motion liberally, he alleges that there was a breach of the plea agreement because he was sentenced at a higher offense level than the plea agreement purportedly specified. (See D.E. 59 at 3). If he is making such a claim, it is true that it would not be barred by Montilla's waiver. United States v. Branam, 231 F.3d 931, 931 n.1 (5th Cir. 2000) (considering defendant's argument that United States breached the plea agreement, despite an appeal-waiver provision in the plea agreement). Nonetheless, the Court's resolution of his motion solely on limitations grounds make it unnecessary for the Court to address the claim.

was entered on April 28, 2004. (D.E. 56, 57). Consistent with his waiver of appellate rights, he did not appeal.

Montilla did not file any post-conviction motions until the Clerk received a motion from him seeking relief under § 2255, which is now pending before the Court. In it, Montilla asserts that this Court erred in enhancing his sentence based on facts neither found by a jury beyond a reasonable doubt nor admitted by him, and that his sentencing therefore violated his constitutional rights. He relies for support on United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).[4]

### III. DISCUSSION

**A.    Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[5] 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

---

[4] For purposes of this Order, familiarity with the holdings in Booker is assumed.

[5] The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

As noted, judgment against Montilla was entered on April 28, 2004. A defendant must file a notice of appeal from a criminal judgment not later than ten days after its entry. Fed. R. App. P. 4(b). As calculated under Fed. R. App. P. 26, those ten days exclude intermediate Saturdays, Sundays and legal holidays. Calculated under Rule 26, ten days after April 28, 2004 was May 12, 2004. In this case, Montilla did not appeal. His conviction therefore became final when the time for filing an appeal expired, or on May 12, 2004.

He had one year from that date, or until May 12, 2005, to file his § 2255 motion. Because he did not file his motion until January 2006, his motion was filed more than seven months late. Montilla, however, appears to be claiming that his motion should be deemed timely and addressed by the Court because it relies on Booker and was filed within one year of Booker being decided. His reliance on Booker does not render his motion timely, for the reasons discussed at Section III.B. infra.

Montilla does not offer any other reason or argument as to why his motion should be deemed timely. Moreover, the record discloses no basis for equitable tolling. Accordingly, his motion is time-barred, as calculated using § 2255(1).

**B.     Booker claim**

Montilla devotes half of his motion to arguing that Booker should be applied retroactively. (D.E. 59 at 5-10). Thus, construing his motion liberally, Montilla could be arguing that his Booker claim is timely under § 2255(3). See supra note 5. That provision would render his motion timely only if Booker applies retroactively to cases already final on direct review when it was decided. The Fifth Circuit has squarely held, however, that Booker is not retroactive on collateral review. United States v. Gentry, 432 F.3d 600, 605 (5th Cir. 2005) ("we join the several court of appeals that have held that Booker does not apply retroactively to initial § 2255 motions"). Thus, Booker does not provide a basis for relief to a defendant, such as Montilla, whose conviction became final before the

4

case was decided. Gentry, 432 F.3d at 603-04 & n.2. Moreover, Gentry also means that, while Booker announced a "new rule," the case does not satisfy the other requirements of § 2255(3) in order to render claims based on it timely. Accordingly, § 2255(3) is inapplicable. Montilla's motion is time-barred and this Court cannot consider it.

**C.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Montilla has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325,

329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Montilla has stated a valid claim for relief, because he cannot establish the second Slack criterion.  That is, reasonable jurists could not disagree that his motion is time-barred.  Accordingly, Montilla is not entitled to a COA.

## IV.  CONCLUSION

For the above-stated reasons, Montilla's motion under 28 U.S.C. § 2255 (D.E. 59) is DENIED.  The Court also DENIES him a Certificate of Appealability.

ORDERED this 17th day of March, 2006.

_____
Janis Graham Jack
United States District Judge