IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § § | Cr. No. C-03-369 (4) |
| HENRY MONTILLA-PENA, | § | |

**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*
AND DENYING REQUEST FOR DOCUMENTS AT GOVERNMENT EXPENSE**

By Order entered March 20, 2006, this Court denied Henry Montilla-Pena's ("Montilla") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 60). Final judgment was entered the same date. (D.E. 61). Montilla appealed and the Fifth Circuit denied him a Certificate of Appealability on December 11, 2006. (D.E. 71.) Thus, nearly two years has passed since his COA was denied.

On November 3, 2008, the Clerk received from Montilla a letter motion requesting copies of a number of documents and transcripts from his case, including the indictment, the judgment, the Presentence Investigation Report, and the transcripts from his sentencing and plea colloquy. (D.E. 73 at 1.) He has also filed an application to proceed *in forma pauperis* in support of his request for documents. (D.E. 74.) He explains that he seeks the documents in order to file a habeas corpus motion pursuant to 28 U.S.C. § 2241. (D.E. 74 at 1.)

As to Montilla's request for documents at government expense in his case, Montilla has not shown that he is entitled to those documents. Assuming that Montilla could establish that he is

1

indigent,[1] an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however, that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

Almost two years ago, Montilla was denied a Certificate of Appealability by the Fifth Circuit when he tried to appeal this Court's denial of his § 2255 motion. He has no active proceedings before this Court. While he claims that he needs documents and transcripts in order to file a motion pursuant to § 2241, he apparently has not yet filed such a motion. Accordingly, he has not shown that he is entitled to a transcripts or other portions of the record at government expense. See 28 U.S.C. § 753(f). He also has no need to proceed *in forma pauperis* since he has no proceedings before the Court.

For the foregoing reasons, Montilla's letter motion for copies at government expense (D.E. 73) and his motion to proceed *in forma pauperis* (D.E. 74) are both DENIED WITHOUT PREJUDICE.

If Montilla is interested in receiving a copy of the sentencing transcript or other documents at his own expense, he may contact the Clerk. To that end, the Clerk is directed to provide Montilla

---

[1] Montilla's *ifp* application reflects that his prison account had a balance, as of October 9, 2008, of $5.28. His average daily balance in the six months preceding his application, however, was $951.32, and the deposits to his account in the same six-month period totaled $1,789.31. Thus, it is not clear that he could establish his indigency for purposes of obtaining copies at government expense. In any event, because the Court resolves his motion on other grounds, it is not necessary to make a determination at this time as to Montilla's financial ability to obtain those documents.

with a copy of the docket sheet in his case, as well as instructions as to how to order a transcript or other documents at his own expense.

It is so ORDERED this 5th day of November, 2008.

_____
Janis Graham Jack
United States District Judge